IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLARENCE S. FITZGERALD,
       Petitioner,

vs.                                    Case No. 5:06cv44/SPM/MD

JOSE BARRON, JR.,
       Respondent.

---

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent has filed a response. (Doc. 10). Although given the opportunity to reply, petitioner has not done so. (Doc. 11).

## BACKGROUND

In this habeas proceeding, petitioner challenges the determination by the Federal Bureau of Prisons ("BOP") that he is ineligible for the one-year sentence reduction provided at 18 U.S.C. § 3621(e) upon completion of a Residential Drug Abuse Treatment Program ("RDAP"). He claims that the BOP failed to follow its own policy in disqualifying him, and that such disqualification also violates his rights under the Equal Protection Clause.

The following facts are undisputed. Petitioner was convicted in the United States District Court for the Middle District of Florida of one count of distribution of cocaine base, and three counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(A)(1). He was sentenced on December 17, 2004 to concurrent terms of 120 months imprisonment on each count. He is currently incarcerated at the Federal Correctional Institution in Marianna, Florida ("FCI-

Marianna"). (Doc. 1; doc. 10, ex. 1).[1]  In 1993, when petitioner was sixteen years old, he was convicted in state court of aggravated battery.  The conviction was recorded as an adult criminal conviction.  (Doc. 1, p. 3 & attach. 1; Doc. 10, ex. 1, p. 8; *see also United States of America v. Fitzgerald*, Middle District Court Case Number 8:04cr288, doc. 33, p. 2).

On January 31, 2005, Residential Drug Treatment Specialist Gary Poole interviewed petitioner to determine his eligibility for participation in the RDAP.  During the interview, Specialist Poole reviewed petitioner's presentence report ("PSR") for information regarding his drug history.  (Ex. 3).  Petitioner and his PSR indicated alcohol and marijuana use and Specialist Poole scored petitioner as dependant on alcohol and cannabis.  Petitioner was deemed eligible to participate in the RDAP and was made aware of his eligibility via a Residential Drug Abuse Program Notice to Inmate from the Drug Program Coordinator.  (*Id.*; ex. 4, p. 7).

Also on January 31, 2005, petitioner was deemed provisionally ineligible for early release pursuant to 18 U.S.C. § 3621(e), due to his prior conviction for aggravated battery.  (Ex. 3).  On that date, petitioner signed the Residential Drug Abuse Program Notice to Inmate, which provided that (1) petitioner was eligible to participate in the RDAP and (2) that he did not provisionally appear eligible for early release.  (*Id.*; ex. 4, p. 7).  He also signed an Agreement to Participate in a BOP RDAP, which detailed the rules and regulations of the RDAP.  (Ex. 3).  Petitioner's projected release date is March 21, 2013.  (*Id.*, ex. 1, p. 6).  He will likely start the RDAP in 2011.  (*Id.*).

Petitioner contends that the BOP did not follow its own policy when it disqualified him from early release eligibility based on his prior conviction for aggravated battery because BOP policy specifically enumerates aggravated assault, not battery, as a disqualifying offense.  (Doc. 1, p. 3).  He further asserts that the BOP's disqualification of him violated his rights under the Equal Protection Clause because the BOP has allowed some inmates to qualify for early release despite a

---

[1]Hereafter, all references to exhibits will be to those attached to doc. 10, unless otherwise noted.

prior conviction for aggravated assault, which is a specifically enumerated disqualifying offense.  (*Id.,* p. 4).  Respondent concedes that petitioner has exhausted his administrative remedies on this issue.  (Doc. 10, p. 3 and ex. 2).

## DISCUSSION

Section 3621 provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [residential substance abuse] treatment program may be reduced by [the BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve."  18 U.S.C. § 3621(e)(2)(B).  To implement § 3621(e)(2)(B), in 1995 the BOP issued regulations governing substance abuse treatment programs and inmate eligibility for early release consideration under § 3621.  28 C.F.R. § 550.58 (1995).  On October 15, 1997, the BOP amended § 550.58.  *See* 62 Fed. Reg. 53691 (1997).  This is the regulation under which petitioner's case was reviewed.  The 1997 regulation categorically denies early release eligibility to prisoners who "have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses."  28 C.F.R. § 550.58(a)(1)(iv).

The BOP also issued a program statement providing guidance to BOP staff in the implementation of § 550.58 and other regulations related to substance abuse treatment. Program State 5330.10, Drug Abuse Treatment Manual, was implemented on May 25, 1995, and later amended on May 17, 1996 and on October 9, 1997. Chapter 6 addresses inmate qualifications for early release eligibility.  In relevant part, Chapter 6 restates 28 C.F.R. § 550.58 and provides additional implementing instruction to BOP staff.  (Ex. 4, pp. 4-6).

In general, the BOP assess inmates' § 3621 eligibility based on the title of their offense conviction.  However, if the title is not dispositive of the issue, the BOP compares the elements of the state offense to those of the FBI's Uniform Crime Reports ("UCR") definition of the offenses listed in P.S. 5330.10.  (Ex. 1, p. 8). Florida defines aggravated battery as follows:

> **784.045 Aggravated battery.--**
> (1)(a)  A person commits aggravated battery who, in committing battery:
> 1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
> 2. Uses a deadly weapon.
> (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant.

Fla. Stat. § 784.045 (1993). The UCR defines the offense of aggravated assault as follows:

> an unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault is usually accompanied by the use of weapon or by means likely to produce death or great bodily harm. Attempts involving the display or threat of a gun, knife, or other weapon are included because serious personal injury would likely result if the assault were completed.

(Ex. 4, p. 2). Applying the foregoing, the BOP determined that although petitioner's prior conviction for aggravated battery was not specifically identified in § 550.58(a)(1)(iv), the elements of aggravated battery were consistent with the FBI's UCR definition of aggravated assault. On that basis, it determined that petitioner was ineligible for early release consideration. (Doc. 1, Attach. 1).

This court's review of the record reveals that disqualifying petitioner was a valid exercise of the BOP's broad discretion under § 3621(e)(2)(B), 28 C.F.R. § 550.58(a)(iv) and Program Statement 5330.10, chapter 6, page 2, ¶ (3). Furthermore, petitioner has no constitutional or inherent right in being released before the completion of a valid sentence. *Cook v. Wiley*, 208 F.3d 1314, 1322 (11th Cir. 2000) (citing *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)). And, § 3621 does not create a constitutionally protected liberty interest. *Cook*, 208 F.3d at 1323 (citing *Olim v. Wakinewkona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983)). Nor does petitioner's full service of the sentence imposed subject him to an atypical or significant hardship for the purpose of establishing a protected liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (liberty

interest arises only if prisoner is subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."). Finally, in *Lopez v. Davis*, the Supreme Court upheld the BOP's discretionary authority to preclude early release based on the regulations published in 28 C.F.R. § 550.58. *Lopez v. Davis*, 531 U.S. 230, 240, 244, 121 S.Ct. 714, 722, 148 L.Ed.2d. 635 (2001). In doing so, the Court found that the BOP acted reasonably in categorically excluding those inmates displaying a readiness to endanger another's life. *Id.*

As to petitioner's equal protection claim, "to establish an equal protection claim, a plaintiff must demonstrate that (1) 'he is similarly situated with other persons who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)). Liberally construing the allegations of the petition, they completely fail to allege that the BOP discriminated against petitioner based on any constitutionally protected interest.

Accordingly, it is respectfully RECOMMENDED:

That the petition for writ of habeas corpus (doc. 1) be DENIED and the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of July, 2006

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**